THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>MATTHEW MITCHELL,<br><br>               Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING REQUEST TO TERMINATE SUPERVISED RELEASE PRIOR TO ORIGINAL EXPIRATION DATE**<br><br>Case No. 4:19-cr-00053-DN<br><br>District Judge David Nuffer |

Defendant Matthew Mitchell filed a motion requesting early termination of his supervised release ("Motion").[1] Mr. Mitchell pleaded guilty to Distribution of Methamphetamine under 21 U.S.C. § 841(a)(1).[2] He was sentenced to 52 months incarceration and 36 months of supervised release.[3] Mr. Mitchell has served the period of incarceration imposed and has completed over 18 months of supervised release.[4]

In response to the Motion, the U.S. Probation Office submitted a Report on Person Under Supervision ("Report"). The Report states that Mr. Mitchell has been fully compliant with the terms of his supervised release and meets the criteria for early termination endorsed by the Judicial Conference.[5] The Report further states that Mr. Mitchell "has maintained his full-time

---

[1] Motion for Early Termination of Release, docket no. 43, filed November 13, 2023.

[2] Judgment, docket no. 40, filed December 19, 2019.

[3] *Id*. at 2-3.

[4] Mr. Mitchell's supervision began on July 1, 2022. *See* Early Release Report, at 1. Mr. Mitchell's regularly scheduled expiration date is June 30, 2025. *Id*. at 1.

[5] Report on Person Under Supervision, at 1.

employment, paid all his financial responsibilities, completed substance abuse classes while incarcerated, and has had no positive drug tests."[6] Based on Mr. Mitchell's performance on supervised release and the Probation Office's Report, the United States Probation Office recommends termination of Mr. Mitchell's supervised release. The government filed a Response to Mr. Mitchell's Motion that also recommended early termination of Mr. Mitchell's supervised release.

Under 18 U.S.C. § 3583(e)(1), the court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."[7] The factors to consider in evaluating early termination of supervised release include several of the factors considered in imposing a sentence:

- the nature and circumstances of the offense and the history and characteristics of the defendant;[8]

- the need for the sentence imposed to afford adequate deterrence to criminal conduct;[9]

- the need for the sentence imposed to protect the public from further crimes of the defendant;[10]

- the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;[11]

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;[12] and

---

[6] Report on Person Under Supervision, at 1.

[7] 18 U.S.C. § 3583(e)(1).

[8] *Id*. (cross referencing 18 U.S.C. § 3553(a)(1)).

[9] *Id*. (cross referencing 18 U.S.C. § 3553(a)(2)(B)).

[10] *Id*. (cross referencing 18 U.S.C. § 3553(a)(2)(C)).

[11] *Id*. (cross referencing 18 U.S.C. § 3553(a)(2) (D)).

[12] *Id*. (cross referencing 18 U.S.C. § 3553(a)(6)).

- the need to provide restitution to any victims of the offense.[13]

In his Motion, Mr. Mitchell stated that he has made many changes in his life since being released from prison. He is gainfully employed, maintained stable family relationships, and remained drug free.[14] Therefore, additional supervision does not appear necessary to ensure adequate deterrence to criminal conduct, protect the public from further crimes, or promote Mr. Mitchell's continued success. There are no victims of the offense requiring restitution. And, continued supervision is not needed to provide Mr. Mitchell with any training, medical care or other correctional treatment. The primary factor against early termination is the need to avoid unwarranted sentence disparities. Mr. Mitchell committed a serious crime that carried a 36-month mandatory minimum term of supervised release.[15] However, after considering the other factors supporting early termination and Mr. Mitchell's conduct, early termination is warranted and in the interest of justice.

Signed January 29, 2024.

BY THE COURT

David Nuffer
United States District Judge

---

[13] *Id*. (cross referencing 18 U.S.C. § 3553(a)(7)).

[14] Motion for Early Termination of Release, docket no. 43, at 1.

[15] Presentence Investigation Report, docket no. 37, at 1.